# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOSEF ZACCHAEUS BARBER, | Case No. ED CV 13-0437 JCG |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1] | |
| Defendant. | |

Yosef Zacchaeus Barber ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected his credibility. (Joint Stip. at 19-22.) The Court agrees with Plaintiff for the reasons discussed below.

A. <u>The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting Plaintiff's Credibility</u>

An ALJ may reject a claimant's credibility "only upon (1) finding evidence of

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

1  malingering, or (2) expressing clear and convincing reasons for doing so." *Benton v.*
2  *Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  "General findings are insufficient;
3  rather, the ALJ must identify what testimony is not credible and what evidence
4  undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.
5  1995).

6        Here, the ALJ provided two reasons in support of his credibility
7  determination.  The Court discusses, and rejects, each in turn.

8        First, the ALJ found that the severity of Plaintiff's symptoms is "greater than
9  expected in light of the medical evidence."  (Administrative Record ("AR") at 16.)
10 However, an ALJ "may not reject a claimant's subjective complaints based solely on
11 a lack of objective medical evidence to fully corroborate the alleged severity of
12 pain."  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *Gamer v. Secretary of*
13 *Health & Human Servs.*, 815 F.2d 1275, 1279 (9th Cir. 1987); *Summers v. Bowen*,
14 813 F.2d 241, 242 (9th Cir. 1987) (per curiam).  Thus, as to this ground, the ALJ's
15 credibility determination is inadequate.

16       Second, the ALJ found that "the lack of more aggressive treatment, referral to
17 a specialist, or even further diagnostic testing suggests that the claimant's symptoms
18 and limitations were not as severe as he alleged."  (AR at 17.)  Typically, an ALJ
19 properly considers evidence of conservative treatment in his credibility analysis.  *See*
20 *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999).  Here, however, the ALJ also
21 found that there was inadequate testing in light of Plaintiff's severe symptoms.  (*See*
22 AR at 43.)  When an ALJ finds the medical evidence to be inadequate, he has an
23 affirmative "duty to fully and fairly develop the record." *Celaya v. Halter*, 332 F.3d
24 1177, 1183 (9th Cir. 2003).  The ALJ's duty to supplement a claimant's record is
25 triggered by ambiguous evidence [or] the ALJ's own finding that the record is
26 inadequate."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).  The ALJ may
27 discharge this duty in several ways, including:  (1) subpoenaing the claimant's
28 physicians; (2) submitting questions to the claimant's physicians; (3) continuing the

hearing; or (4) keeping the record open after the hearing to allow supplementation of the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Because the ALJ found the medical evidence to be inadequate, he failed in his "duty to [then] fully and fairly develop the record." *Celaya*, 332 F.3d at 1183. In particular, at Plaintiff's hearing, the ALJ stated, "I can't understand why they're not trying to find out what's wrong with you . . . I mean somebody walks in and they're complaining of that degree of pain and they're not doing an MRI test, not doing an EMG, not doing something to try to find out what's causing it. And just loading him up with medication. Sounds pretty irresponsible to me. Sounds like malpractice is what it sounds like." (AR at 43.) The ALJ had a duty to resolve the ambiguity in Plaintiff's treatment. For example, he may have subpoenaed Plaintiff's physicians or left the record open while Plaintiff underwent further testing. *See Tonapetyan*, 242 F.3d at 1150. The ALJ's failure to do so was in error. *See id.* As such, the lack of testing is not a sufficient reason to reject Plaintiff's credibility.

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly rejected Plaintiff's credibility.

B.   Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, there are outstanding issues which must be resolved before a final determination can be made. On remand, the ALJ shall reconsider Plaintiff's

subjective complaints and the resulting functional limitations, and either credit Plaintiff's testimony or provide clear and convincing reasons supported by substantial evidence for rejecting them.  He shall also resolve all ambiguity in the record.

     Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[2]

Dated: November 12, 2013

                                                    _____
                                                      Hon. Jay C. Gandhi
                                                  United States Magistrate Judge

---

[2]  In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention.  (*See* Joint Stip. at 4-6, 8-9.)