# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 13-0437 JCG | Date | October 23, 2015 |
|---|---|---|---|
| Title | *Yosef Zacchaeus Barber v. Carolyn W. Colvin* | | |

| Present: The Honorable | **Jay C. Gandhi, United States Magistrate Judge** | |
|---|---|---|
| Kristee Hopkins | None Appearing | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Appearing | | None Appearing |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

Pending before the Court are Yosef Zacchaeus Barber ("Plaintiff")'s counsel William M. Kuntz ("Counsel")'s Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"), and Carolyn W. Colvin ("Defendant")'s response. [*See* Dkt. Nos. 18-19.]

For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Counsel's Motion.

In short, this Motion arises from a social security action challenging Defendant's decision to deny disability benefits to Plaintiff. On November 12, 2013, the Court reversed and remanded this matter for further administrative proceedings. [Dkt. Nos. 14-15.] On remand, Plaintiff was found disabled, and awarded $111,557.92 in retroactive benefits. (Mot., Kuntz Decl. at ¶ 4.)

Now, Counsel, who represented Plaintiff pursuant to a contingency agreement, requests $21,889.48 in attorney fees for his work to date. (Mot. at 3.) This sum covers 15.0 attorney hours. [Dkt. No. 18-6.]

Under 42 U.S.C. § 406(b), the Court may allow attorney fees in a "reasonable" amount, not to exceed 25 percent of the plaintiff's total award. 42 U.S.C. § 406(b)(1)(A). Importantly, the Court has an independent duty to ensure that a § 406(b) fee award is, in fact, reasonable, and may adjust counsel's recovery "based on the character of the representation and the results the representative achieved." *Gisbrecht v. Barnhart*, 535

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-0437 JCG | Date | October 23, 2015 |
|---|---|---|---|
| Title | *Yosef Zacchaeus Barber v. Carolyn W. Colvin* | | |

U.S. 789, 807-08 (2002). "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id.* at 808.

Here, Counsel achieved a favorable result for Plaintiff, and should be compensated in a manner that recognizes the risks of contingent litigation. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Congress has indicated the permissibility, within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social Security claimants.").

However, the $111,557.92 in retroactive benefits that Plaintiff ultimately recovered is large in comparison to the relatively limited amount of time that Counsel worked on Plaintiff's case. [*See* Dkt. No. 18-6.] Further, Counsel does not argue, and the Court does not find, that any of the issues raised in Plaintiff's case were particularly novel or complex.

Notably, Counsel's request for a fee award of $21,889.48 translates to an effective hourly rate of $1,459.30 per hour. (Mot. at 17.) In the Motion, Counsel compares this rate to the effective hourly rates of awards approved in numerous other decisions. (Mot. at 16-19.) However, the effective rate of Counsel's requested award is greater – and, in most cases, much greater – than that of every award in Counsel's assembled decisions. (*See id.*) Indeed, the effective rate of Counsel's requested award is more than 3.4 times the rate that Counsel cites to help "assess the value of [his] services," *i.e.*, $425.00 per hour. (*See* Mot., Kuntz Decl. at ¶ 7); *compare Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) (surveying case law and ordering award representing effective hourly rate of 2.5 times counsel's normal hourly rate).

In sum, the Court finds that a downward adjustment from Counsel's requested fee award is required to arrive at a fee that is "reasonable for the services rendered." *See Gisbrecht*, 535 U.S. at 807. As such, the Court awards Counsel a fee of $19,125.00, representing an effective hourly rate of $1,275.00 per hour.[1]

---

[1] The Court observes that this effective hourly rate is still 3.0 times the rate cited by Counsel. (*See* Mot., Kuntz Decl. at ¶ 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-0437 JCG | Date | October 23, 2015 |
|---|---|---|---|
| Title | *Yosef Zacchaeus Barber v. Carolyn W. Colvin* | | |

Accordingly, IT IS ORDERED THAT:

1. Counsel's Motion, [Dkt. No. 17], is **GRANTED IN PART AND DENIED IN PART**.

2. Judgment is hereby **ENTERED** awarding attorney fees in the amount of $19,125.00.

Pursuant to Local Rule 58-6, the Court **ORDERS** that this Order shall constitute entry of judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

*It is so ordered.*

cc: Parties of Record

|  | 00 : 00 |
|---|---|
| Initials of Clerk | kh |